IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-00339-WYD

IN RE:
BILLY JASON HARWELL,

    Debtor,

BILLY JASON HARWELL,

    Plaintiff/Appellant,

v.

TOM CLAY HILL,

    Defendant/Appellee.

**ORDER**

I.    INTRODUCTION

THIS MATTER comes before the Court on the appeal by Appellant Billy Jason Harwell ("Harwell") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 07-01216-ABC. This appeal arises from the Bankruptcy Court's January 22, 2010 Order granting Defendant/Appellee's ("Hill") second motion for summary judgment ("Appealed Order Granting Summary Judgment"). In the Appealed Order Granting Summary Judgment, the Bankruptcy Court dismissed Harwell's Fourth Amended Complaint concluding that Harwell's remaining claims are barred by the doctrine of *res judicata*.[1]

---

[1] Matters raised by the parties that are outside the record or unrelated to the Bankruptcy Court's January 22, 2010 Appealed Order Granting Summary Judgment were not considered in my ruling. *See Cummings v. Norton*, 393 F.3d 1186 (10th Cir.

Harwell first asserts that the Bankruptcy Court erred in misapplying the summary judgment standards on *res judicata* when fraud is alleged. Second, Harwell asserts that the Bankruptcy Court failed to recognize the law of the case doctrine in a prior order. Third, Harwell states that the Bankruptcy Court erroneously found that he failed to allege any affirmative misrepresentation or contrivance by Hill. Finally, Harwell argues that he had no duty to investigate the alleged fraud.

II.   BACKGROUND

On October 10, 2005, Harwell filed a voluntary Chapter 11 bankruptcy petition. On February 28, 2007, the Bankruptcy Court entered an order converting the case to Chapter 7. Hill filed a proof of claim in the bankruptcy petition in the amount of $1,539,099. Hill's proof of claim is based on a state court judgment ("Judgment") for the deficiency balance on a promissory note ("Note") executed by Harwell as partial payment for land Harwell purchased from Hill in 2001.

This appeal arises from an adversary proceeding filed by Harwell. In commencing the adversary proceeding, Harwell sought disallowance of Hill's proof of claim and cancellation of any related judgment liens in the underlying bankruptcy action. Harwell's Fourth Amended Complaint, filed in the adversary proceeding, asserted the following three claims alleging that Hill's $1,539,099 claim was not enforceable against Harwell and should be disallowed under 11 U.S.C. § 502(b)(1):
(1) fraud; (2) unjust enrichment; and (3) fraud in the execution. Specifically, Harwell claimed that he was entitled to rescind the contract for the sale of the property and to

---

2005); *In re Walker*, 959 F.2d 894 (10th Cir. 1992).

void the Note and Judgment because Hill fraudulently concealed the fact that encumbrances on the property were not released at the time the purchase transaction was closed. On the other hand, Hill argued that Harwell's fraudulent inducement claims are barred as a matter of law by the doctrine of *res judicata*.

In the Appealed Order Granting Summary Judgment, the Bankruptcy Court explained that Hill's second motion for summary judgment was at issue. In ruling on Hill's first motion for summary judgment, however, the Bankruptcy Court determined that it could not consider Hill's *res judicata* defense because Harwell's appeal of the Judgment was still pending in the state court, and under the controlling Colorado law, the Judgment would not be considered final for *res judicata* purposes until the appellate process was complete. (Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 89.) The Bankruptcy Court also determined that there were disputed issues of fact concerning Harwell's fraudulent concealment claims and Hill's other defenses and, thus, granted in part and denied in part Hill's first motion for summary judgment. The Bankruptcy Court then stayed further proceedings in connection with this litigation in order to allow the parties to complete the state court appellate process so as to avoid inconsistent judgments.[2] (Bankruptcy Court Adversary Proceeding 07-01216-ABC

---

[2] Based on my review of the record, I agree with the Bankruptcy Court's assessment that this dispute between Harwell and Hill has been long and acrimonious. (Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 89.) I also agree with the Bankruptcy Court's conclusion that with respect to Hill's motion for summary judgment, "virtually all of the undisputed facts . . . are obtained from admissions of allegations in the pleadings, very brief excerpts of deposition transcripts submitted by the parties, the facts admitted as undisputed by the parties in their briefs, and certain identical documents which have been submitted by both Hill and Harwell in support of their positions." (*Id.* at 2.)

ECF No. 89.)

The Colorado Court of Appeals affirmed the Judgment, and Harwell's petition for writ of certiorari was denied by the Colorado Supreme Court. Thus, in the Appealed Order Granting Summary Judgment, the Bankruptcy Court noted that the Judgment at issue was final for purposes of preclusion under Colorado law. Accordingly, in Hill's second motion for summary judgment, Hill renewed his argument that *res judicata* prevents the Bankruptcy Court from relitigating the validity of Harwell's claim. (Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 106.) The Bankruptcy Court agreed and concluded in its Appealed Order Granting Summary Judgment that Harwell's remaining claims were barred by the doctrine of *res judicata*. Harwell appeals this order.

III.  STANDARD OF REVIEW

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings. *Kimco Leasing,Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992). I must review the findings of fact under a "clearly erroneous" standard. *Id.* A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990). I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo. Id.* "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999). "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could

have been reached." *Id.*

IV.   ANALYSIS

    A.   Whether the Bankruptcy Court Erred in Failing to Recognize the Law of the Case Doctrine in Connection with its Order on Hill's First Motion for Summary Judgment

Turning to my analysis of Harwell's arguments on appeal, I first address Harwell's assertion that the Bankruptcy Court erred in failing to recognize the law of the case doctrine in connection with its order on Hill's first motion for summary judgment. I disagree with Harwell's argument and find it contrary to controlling law.

It is well settled that "any order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (quoting Fed. R. Civ. P. 54(b)); *see also Haas v. Tulsa Police Dept.*, 58 Fed.Appx. 429, 2003 WL 255396, at *2 (10th Cir. 2003) (holding that an order that grants summary judgment in part and denies it in part is an interlocutory order, not a final judgment) (citing *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988)).

"Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders." *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). "This inherent power is not governed by rule or statute and is rooted in the court's equitable power to process litigation to a just and equitable conclusion." *Id.* at 1256 (internal quotation marks omitted). "Thus, a court can alter its interlocutory order even where the more stringent

requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Id.*

In *Major v. Benton*, 647 F.2d 110 (10th Cir. 1981), the Tenth Circuit discussed the law of the case doctrine applicable to interlocutory orders, holding that this doctrine "generally requires the court to adhere to the rule throughout the proceedings"; however, "[w]hen a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal." *Id.* at 112.  However, the *Benton* Court also stated that "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Id.* "This is especially true when the prospect of a needless trial . . . is in view." *Id.*

Turning to the case at hand, the Bankruptcy Court entered an interlocutory order granting in part and denying in part Hill's first motion for summary judgment. In that order, the Bankruptcy Court did not consider Hill's argument that he was entitled to summary judgment on all of Harwell's claims.[3] Specifically, the Bankruptcy Court did not consider Hill's *res judicata* defense because Harwell's appeal of the Judgment was pending in the state court and was not final for preclusive purposes under Colorado law. (Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 89.)

Subsequently, the state court Judgment became final, and Hill renewed his

---

[3] Hill contended that the Judgment was *res judicata* as to any claim Harwell asserted in the adversary proceeding as a defense to his liability on the Note.

argument that *res judicata* prevented the Bankruptcy Court from relitigating the validity of Harwell's claims. Consistent with controlling law, the Bankruptcy Court issued its Appealed Order Granting Summary Judgment, which altered its previous ruling on Hill's first motion for summary judgment. Thus, after new evidence was introduced—the final Judgment—the Bankruptcy Court found that Harwell's claims were barred by the doctrine of *res judicata* and properly entered its Appealed Order Granting Summary Judgment. Therefore, I find that the Bankruptcy Court did not err in failing to recognize the law of the case doctrine in connection with its order on Hill's first motion for summary judgment. Harwell's appeal is denied as to this argument.

      B.    <u>Whether the Bankruptcy Court Misapplied the Summary Judgment Standards on *Res Judicata* When Fraud is Alleged</u>

Harwell next argues that the Bankruptcy Court committed reversible error in granting summary judgment as to Hill's defense of *res judicata.* Specifically, Harwell asserts that "[t]he allegations in his Fourth Amended Complaint, coupled with the evidence of the affirmative misrepresentation of Hill in his Warranty Deed for Parcel A, are enough to defeat a summary judgment motion . . . ." (Opening Br. at 14.)

In the Appealed Order Granting Summary Judgment, the Bankruptcy Court correctly noted that the

> Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.

(Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 106 at 3) (internal

quotation marks and citations omitted). Additionally, relevant to this matter, when a defendant moves for summary judgment on the basis of an affirmative defense such as *res judicata*, he must demonstrate that no disputed material facts exist regarding the affirmative defense. (*Id.*) Should the defendant satisfy this initial burden, the burden shifts to the plaintiff to show with specificity the existence of a disputed material fact. Should plaintiff fail to make this showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law. (*Id.*)

With limited exceptions, federal law should apply to questions of *res judicata* and collateral estoppel involving prior federal judgments. *Siemens Medical Systems, Inc. v. Nuclear Cardiology Systems, Inc.*, 945 F. Supp. 1421 (D. Colo. 1996) (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1332 (10th Cir. 1988)). However, I must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir. 1996). Thus, I find that Colorado law applies to the issue at hand.

Under Colorado law, the doctrine of *res judicata* provides "that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim." *Pomeroy v. Waitkus*, 517 P.2d 396, 399 (Colo. 1973); *Argus Real Estate, Inc. v. E-470 Public Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). The doctrine "bars relitigation not only of issues actually decided, but of all issues that might have been decided." *Waitkus*, at 399.

Here, the Bankruptcy Court noted that "Harwell does not dispute that the elements necessary for the application of *res judicata* under Colorado law have been

met with respect to the Judgment. . . . The Judgment is now final and the state court action involved the same parties and the same subject matter: Harwell's liability on the Note." (Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 106 at 4.) Thus, the Bankruptcy Court found that *res judicata* bars Harwell's claim for fraudulent concealment to rescind the Note. In making its ruling, the Bankruptcy Court rejected Harwell's argument that this case falls within the limited exception to *res judicata* based on fraud. The Bankruptcy Court concluded that Harwell

> failed to demonstrate the existence of a disputed material fact on this point. He [Harwell] relies solely on the allegations of his pleadings to establish that: (1) the failure promptly to release the prior encumbrances on the portion of the property known as Parcel A was not disclosed to him by Hill prior to the closing on Parcel B, and (2) he did not learn until 2007, long after the entry of the Judgment, that the encumbrances had not been released prior to the closing on Parcel B. Harwell failed to provide, either in response to Hill's first motion for summary judgment or the current Motion, any affidavits, deposition excerpts, or any discovery or disclosure materials which support the facts he alleges. Because Hill's motion for summary judgment based on the affirmative defense of *res judicata* was properly supported as required by Rule 56, and because Harwell does not dispute that the elements of *res judicata* are present, he cannot rest on his pleadings to establish a fact dispute concerning this defense, and summary judgment is properly entered against him based on *res judicata*.

(*Id.* at 5.)

In the appeal, Harwell argues that the Bankruptcy Court's decision is contrary to the Tenth Circuit's holding that when fraud is asserted as an exception to the *res judicata* defense, "merely producing the prior judgment (or appellate ruling affirming the prior judgment) does not satisfy the moving party's initial burden for summary judgment." (Opening Br. at 13.) In support of its contention, Harwell cites *McCarty v. First of Georgia Ins. Co.*, 713 F.2d 609 (10th Cir. 1983) and cases from other

jurisdictions.[4] After reviewing *McCarty*, I reject Harwell's claims and find that the Bankruptcy Court's ruling was proper and in accordance with the controlling law.

In *McCarty*, the Tenth Circuit, applying Oklahoma law, reversed the district court's entry of summary judgment based on statute of limitations grounds. In rejecting the defendants' *res judicata* argument, the *McCarty* Court noted that "where plaintiff's omission of an item of his cause of action was brought about by defendant's fraud, deception, or wrongful conduct, the former judgment has been held not to be a bar to suit." *Id.* at 613. However, the Court went on to reason that the plaintiffs "pleaded sufficient facts to support" their breach of fair dealing cause of action. *Id.*

Here, the Bankruptcy Court engaged in a similar analysis present in *McCarty*. *Id.* First, the Bankruptcy Court recognized that a valid Colorado state court Judgment exists. Second, the Bankruptcy Court analyzed Harwell's allegations surrounding the fraud exception to the defense of *res judicata*. As noted above, the Bankruptcy Court found Harwell's allegations insufficient to demonstrate a disputed material fact. Thus, contrary to Harwell's contentions, I find that the Bankruptcy Court did not base its decisions in the Appealed Order Granting Summary Judgment solely on the existence of the state court Judgment. The Bankruptcy Court went on to properly engage in a *McCarty* analysis. Based on my review of the record and the case law, I find that the Bankruptcy Court did not erroneously apply the applicable summary judgment standards on *res judicata* when fraud is alleged. Harwell's appeal is denied as to this argument.

---

[4] I decline to address the various cases Harwell cites from other jurisdictions as I find them both unpersuasive and not binding on this Court.

C.   Whether the Bankruptcy Court Erred in Determining that Harwell Failed to Allege Any Affirmative Misrepresentation or Contrivance by Hill

As to his third argument on appeal, Harwell maintains that the Bankruptcy Court's ruling that he "failed to allege any affirmative misrepresentation about the status of the continuing encumbrances is clearly erroneous." (Opening Br. at 16.)

In the Appealed Order Granting Summary Judgment, the Bankruptcy Court set forth the applicable Colorado law with respect to this issue. Under Colorado Law, "a party seeking to invoke the fraud exception to *res judicata* must show some 'contrivance by fraud' that prevents discovery of the true facts, and that the injury caused by the fraud was not the result of the party's own neglect or inattention." (Bankruptcy Court Adversary Proceeding 07-01216-ABC ECF No. 106 at 6) (citing *In Re Cisneros*, 430 P.2d 86 (Colo. 1967)).

Applying the law to the facts of this case, the Bankruptcy Court found that Harwell failed to allege affirmative contrivance by Hill that prevented Harwell from discovering Hill's alleged fraudulent concealment prior to the 2004 lawsuit. In support of its determination, the Bankruptcy Court noted that

> [t]here is no allegation, for example, that Hill told Harwell the deeds of trust had been released, that Hill manipulated the public record, or that Hill induced the title company to provide false information to Harwell concerning when the deeds of trust were released. In addition, Harwell cannot show that the failure to include his rescission claim in the prior litigation on the Note occurred without neglect or inattention on his part. As noted in the Prior Order, Harwell had to have been aware that he had not received a title policy to Parcel A by the time the closing on Parcel B occurred. Parcel A closed in late June or early July, 2001. The El Paso County litigation on the Note was commenced sometime in 2004. Harwell could have easily followed up with the title company during this period of at least two and one-half years to determine why he did not receive a title policy for Parcel A, but he neglected to do so.

(*Id.*)

Turning to the instant appeal, Harwell argues that he had no duty to investigate the status of the title to Parcel A at any time after closing and even if Harwell had conducted an investigation at the time of the foreclosure, he would not have discovered Hill's fraud in closing on Parcels A and B.

Harwell cites *Hayden v. Perry*, 134 P.2d 212 (Colo. 1943) in support of his first contention that he had no duty to investigate the status of the title to Parcel A after closing. I am not persuaded by Harwell's argument. Contrary to Harwell's claim, I find that the *Hayden* decision supports the Bankruptcy Court's ruling. The *Hayden* Court held that a party cannot say they were deceived by the other's misrepresentations where the means of knowledge are equally available to both parties and the subject matter is equally open to their inspection. *Id.* at 213. Here, I agree with the Bankruptcy Court's analysis that Harwell must have been aware that he did not receive a title policy to Parcel A by the time the closing on Parcel B occurred. That information was equally available to Harwell after Parcel A closed in late June or early July, 2001. Harwell had an opportunity, from 2001 until 2004, to conduct a reasonable investigation and discover why he did not receive a title policy for Parcel A. Since Harwell neglected to exercise that opportunity, I reject his argument.

I further find Harwell's related contention—that even if he had conducted an investigation at the time of the foreclosure, he would not have discovered Hill's fraud in closing on Parcels A and B—to be similarly unavailing. Harwell claims that had he conducted a reasonable investigation into the title to Parcel A at the time of foreclosure in 2005, the "continuing encumbrance problem on Parcel A had been cleaned up over

24 months earlier." (Opening Br. at 20.) I summarily reject this argument. No where in the Appealed Order Granting Summary Judgment does the Bankruptcy Court indicate that Harwell should have conducted an investigation in 2005 at the time of foreclosure. Instead, the Bankruptcy Court repeatedly stated that had Harwell examined real property records or contacted the title company prior to 2004, he would have elicited the necessary information.

Based on the record before me, I find that the Bankruptcy Court carefully and thoroughly weighed all of the evidence before it in making its rulings. The Bankruptcy Court examined the arguments of both parties along with the relevant evidence, and made sound and well-reasoned findings. I further find that Harwell failed to show that the Bankruptcy Court's holdings were clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached. Accordingly, I find that there is no evidence in the record of any error or abuse of discretion with respect to the Appealed Order Granting Summary Judgment.

D.  Hill's Motion to Impose Sanctions for the Filing of a Frivolous Appeal (ECF No. 16)

Related to the instant appeal, Hill filed a motion for sanctions arguing that Harwell and his counsel filed a frivolous appeal. (Mot. at 4.) Fed. R. Bankr. P. 8020 provides that "[i]f a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *Id.* Since Rule 8020 is closely pattered after Fed. R. App. P. 38, I

apply controlling case law interpreting Rule 38 in considering imposing sanctions under Rule 8020.  Applying Fed. R. App. P. 38 case law to the pending motion, I determine that "[a]n appeal is considered frivolous when the result is obvious, or the appellant's argument of error are wholly without merit."  *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1071 (10th Cir. 2007) (quoting *F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996)).

Turning to my analysis, I do not believe such sanctions are warranted in this matter.  As discussed in this Order, I find the Bankruptcy Court's rulings in connection with this appeal to be without error.  However, while I affirm the Bankruptcy Court's Appealed Order Granting Summary Judgment, I do not believe that this result is so obvious as to render Harwell's position frivolous.  It is clear from the record that this has been a highly contested and litigated bankruptcy matter by both parties, but, I do not find Harwell's challenge to the fraud exception of *res judicata* under Colorado law to be "wholly without merit" or so outrageous as to be frivolous.  *Id.*

V.   CONCLUSION

Based on the foregoing, it is

ORDERED that the Bankruptcy Court's Appealed Order Granting Summary Judgment is **AFFIRMED**, and Harwell's appeal is **DENIED.**  It is

FURTHER ORDERED that Hill's Motion to Impose Sanctions for the Filing of a Frivolous Appeal (ECF No. 16) is **DENIED.**  It is

FURTHER ORDERED that this matter is **DISMISSED WITH PREJUDICE.**

Dated:  March 29, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge